UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.  1:25-cv-20538-JEM

POTAMKIN HY PALMETTO, LLC
d/b/a KENDALL HYUNDAI,

    Plaintiff(s)

  v.
HYUNDAI MOTOR AMERICA
CORPORATION,

    Defendant(s).
_____/

POTAMKIN HY PALMETTO, LLC
d/b/a KENDALL GENESIS,

    Plaintiff(s)

  v.
GENESIS MOTOR AMERICA, LLC,

    Defendant(s).
_____/

**AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

  Plaintiff, Potamkin HY Palmetto, LLC, d/b/a Kendall Hyundai, sues Defendants, Hyundai Motor America Corporation and Genesis Motor America, LLC, and states:

**Parties**

  1. Plaintiff, Potamkin HY Palmetto, LLC, d/b/a Kendall Hyundai ("Potamkin"), is a Florida corporation with its principal place of business in Miami-Dade County, Florida. Potamkin at all relevant times was a "motor vehicle dealer" as defined in Section 320.60(13), Florida Statutes. Potamkin brings this Complaint for itself with respect to claims for damages and declaratory relief, and in the name of the Department of Highway Safety and Motor Vehicles of

the State of Florida for the use and benefit of Potamkin with respect to claims for injunctive relief pursuant to 320.695, Florida Statutes.

2.  Defendant, Hyundai Motor America Corporation ("HMA"), is a California corporation with its principal place of business in California. HMA is registered to do business in Florida and is actively doing business in Miami-Dade County, Florida. HMA is a "distributor" as defined in Section 320.60(5), Florida Statutes, an "importer" as defined in Section 320.60(7), Florida Statutes, and a "licensee" as defined in Section 320.60(9), Florida Statutes.

3.  Defendant, Genesis Motor America, LLC ("GMA") is a California limited liability company with its principal place of business in California. The sole member of GMA is Hyundai Motor America Corporation ("HMA"), a California corporation with its principal place of business in California.  GMA is registered to do business in Florida and is actively doing business in Miami-Dade County, Florida.  GMA is a "distributor" as defined in Section 320.60(5), Florida Statutes, an "importer" as defined in Section 320.60(7), Florida Statutes, and a "licensee" as defined in Section 320.60(9), Florida Statutes.

4.  Potamkin and HMA were parties to a Hyundai Dealer Sales and Service Agreement (the "Hyundai Dealer Agreement") pursuant to which Potamkin operated a dealership for the sale and service of Hyundai Brand motor vehicles at 15895 South Dixie Highway, Kendall, Florida 33157 (the "Dealership Location").  The Hyundai Dealer Agreement was a "franchise agreement" as defined in Section 320.60(1), Florida Statutes.

5.  Potamkin and GMA were parties to a Genesis Dealer Sales and Service Agreement (the "Genesis Dealer Agreement" and collectively with the Hyundai Dealer Agreement the "Dealer Agreements") pursuant to which Potamkin operated a dealership for the sale and service of Genesis

Brand motor vehicles at the Dealership Location. The Genesis Dealer Agreement was a "franchise agreement" as defined in Section 320.60(1), Florida Statutes.

6.      Potamkin and HMA terminated the Hyundai Dealer Agreement when Potamkin sold the dealership to a third party on March 14, 2023. In connection with the sale and termination, Potamkin and HMA entered into a Mutual Release Agreement dated March 15, 2023 (the "Hyundai Release Agreement").

7.      Similarly, Potamkin and GMA terminated the Genesis Dealer Agreement when Potamkin sold the dealership to a third party on March 14, 2023. In connection with the sale and termination, Potamkin and GMA also entered into a Mutual Release Agreement dated March 15, 2023 (the "Genesis Release Agreement" and collectively with the Hyundai Release Agreement the "Release Agreements").

8.      In the Hyundai Release Agreement, Potamkin and HMA agree that:

> Notwithstanding anything in this Mutual Release Agreement, Dealer and HMA expressly agree that the mutual releases herein shall not include any claims relating to (a) payments and other obligations owed between the parties hereto which pertain to valid warranty claims and work performed by Dealer on Hyundai Products; (b) payments made or chargebacks related to Dealer's parts account with HMA up until the Termination Date; (c) post-termination repurchase credits and obligations between the parties arising out of Incentive Payments, Earnback or rebate programs; (d) Marketing Allowance and Advertising Assessment payments and contributions; and (e) the defense and indemnification rights and responsibilities of Dealer and HMA under Paragraph 18 of the Dealer Agreement as well as any existing common law rights of indemnification for product liability claims.

Hyundai Release Agreement Section 2.

9.      Likewise, in the Genesis Release Agreement, Potamkin and GMA agreed that:

> Notwithstanding anything in this Mutual Release Agreement, Dealer and GMA expressly agree that the mutual releases herein shall not include any claims relating to (a) payments and other obligations owed between the parties hereto which pertain to valid warranty claims and work performed by Dealer on Genesis Products; (b) payments made or chargebacks related to Dealer's parts account with GMA up until the Termination Date; (c) post-termination repurchase credits and

3

> obligations between the parties arising out of Incentive Payments, Earnback or rebate programs; (d) Marketing Allowance and Advertising Assessment payments and contributions; and (e) the defense and indemnification rights and responsibilities of Dealer and GMA under Paragraph 18 of the Dealer Agreement as well as any existing common law rights of indemnification for product liability claims.

Genesis Release Agreement Section 2.

10. Under the Release Agreements, Potamkin preserved its right to assert claims relating to warranty claims and work performed by Potamkin on Hyundai Products and Genesis Products, which are the subject of this Complaint.

## Jurisdiction and Venue

11. Pursuant to 28 U.S.C. §§ 1331, 1332, and 1367, this Court has jurisdiction over the issues herein raised, and the amount in controversy exceeds $75,000.00.

12. Pursuant to 28 U.S.C. § 1391(b)(2), venue is proper in this Court, as a substantial part of the events or omissions giving rise to the claim occurred in the Southern District of Florida.

## The Hyundai Dealer Agreement

13. The Hyundai Dealer Agreement between Potamkin and HMA adopts a set of uniform "Standard Provisions", which are attached hereto as Exhibit A. The Hyundai Standard Provisions provide that HMA will reimburse dealers for warranty and policy work in accordance with applicable law:

> DEALER will perform warranty service on each Hyundai Motor Vehicle at the time of pre-delivery service and when requested by the owner according to the requirements of the Hyundai Warranty Policies and Procedures Manual. DEALER will perform policy service as HMA may require from time to time. DEALER will provide each owner for whom warranty or policy service is performed with a copy of the repair order stating all services performed. (Ex. A, ¶ 11.A.2.)
>
> […]
>
> HMA agrees to compensate DEALER for all warranty, policy, and campaign inspection work, including labor and diagnosis, in accordance with procedures and at rates to be announced from time to time by HMA and in accordance with

4

applicable law. DEALER agrees that such rates will constitute full and complete payment to DEALER for such work. Both parties agree that warranty and policy service is provided for the benefit of Customers and DEALER agrees that the Customer will not be obligated to pay any charges for warranty or policy work, except as required by law. (Ex. A, ¶ 11.A.4.)

### The Genesis Dealer Agreement

13. The Genesis Dealer Agreement between Potamkin and GMA also adopts a set of uniform "Standard Provisions", which are attached hereto as Exhibit B  The Genesis Standard Provisions provide that GMA will reimburse dealers for warranty and policy work in accordance with applicable law:

> DEALER will perform warranty service on each Genesis Motor Vehicle at the time of pre-delivery service and when requested by the owner according to the requirements of the Genesis Warranty Policies and Procedures Manual. DEALER will perform policy service as GMA may require from time to time. DEALER will provide each owner for whom warranty or policy service is performed with a copy of the repair order stating all services performed. (Ex. B, ¶ 11.A.2.)

> […]

> GMA agrees to compensate DEALER for all warranty, policy, and campaign inspection work, including labor and diagnosis, in accordance with procedures and at rates to be announced from time to time by GMA and in accordance with applicable law. DEALER agrees that such rates will constitute full and complete payment to DEALER for such work. Both parties agree that warranty and policy service is provided for the benefit of Customers and DEALER agrees that the Customer will not be obligated to pay any charges for warranty or policy work, except as required by law. (Ex. B, ¶ 11.A.4.)

### Complimentary Maintenance Program Reimbursement

14. In 2016, HMA began including a complimentary maintenance plan, called Hyundai Complimentary Maintenance ("HCM"), with every purchase of a new Genesis model vehicle.

15. When GMA became the distributor of Genesis vehicles, GMA continued to include complimentary maintenance, now called Genesis Complimentary Maintenance ("GCM"), with the purchase of Genesis vehicles. GCM covers certain maintenance services, including oil changes, oil filter replacements, tire rotations, and multi-point inspections, for three years or 36,000 miles.

16. On February 1, 2020, HMA began including HCM with every purchase of a new Hyundai motor vehicle. HCM covers certain maintenance services for three years or 36,000 miles.

17. Pursuant to Section 320.696, Florida Statutes, Potamkin established reimbursement rates with HMA and GMA for labor performed and for parts sold in connection with, *inter alia*, maintenance plans issued by HMA, GMA and their common entities.

18. Pursuant to Section 320.696, Florida Statutes, HMA was required to reimburse Potamkin for labor performed and parts sold in connection with HCM at Potamkin's established reimbursement rates, and GMA was required to reimburse Fitzgerald for labor performed and parts sold in connection with GCM at Fitzgerald's established reimbursement rates.

19. HMA and GMA reimbursed Potamkin for labor performed and parts used in connection with work performed by Potamkin on Hyundai and Genesis motor vehicles pursuant to HCM and GCM at flat rates unilaterally set by HMA and GMA that were substantially below Potamkin's established statutory reimbursement rates.

20. All of Potamkin's work on Hyundai and Genesis vehicles pursuant to HCM and GCM was performed by Potamkin prior to its execution of the Release Agreements. Consistent with the parties' intention in the Release Agreements that work performed by Potamkin on Hyundai Products and Genesis Products was excluded from the releases, after the execution of the Release Agreements, HMA and GMA continued to pay Potamkin for work completed prior to the execution of the Release Agreements. Indeed, HMA and GMA continued paying Potamkin for work performed on Hyundai and Genesis vehicles pursuant to HCM and GCM at least as late as May, 2023.[1]

---

[1] HMA and GMA have also paid Potamkin after the effective date of the Release Agreements for other work done on Hyundai and Genesis motor vehicles prior to the Release Agreements. For example, HMA and GMA require dealers to perform pre-delivery inspections ("PDI") on vehicles

21. The sale price for the Potamkin Hyundai and Genesis dealership goodwill (including its Hyundai and Genesis Dealer Agreements) was based on a multiple of the dealership's historical profits. Those profits were substantially reduced by HMA and GMA's refusal to reimburse Potamkin for labor performed and parts sold pursuant to maintenance plans issued by HMA, GMA, and/or their common entities as required by Section 320.696, Florida Statutes.

**COUNT I**
**HMA's Violation of Section 320.696, Florida Statutes**

22. The allegations of paragraphs 1 through 21 are re-alleged as if fully set forth herein.

23. This Count is an action for damages pursuant to Section 320.697, Florida Statutes, for HMA's violation of Section 320.696, Florida Statutes.

24. Section 320.696, Florida Statutes, requires that a licensee such has HMA must compensate a dealer for parts and labor included in work performed by a motor vehicle dealer in "to maintain or repair a licensee's product under a warranty or maintenance plan . . . issued by the licensee or its common entity . . . ." § 320.696(1), Fla. Stat.

25. HCM is a maintenance plan issued by HMA or its common entity.

26. Pursuant to Section 320.696(3) and (4), Florida Statutes, Potamkin established reimbursement rates with HMA for labor performed and for parts sold in connection with all covered work under Florida law.

27. Despite these established rates, HMA reimbursed Potamkin for labor performed and parts sold pursuant to HCM at rates substantially below what HMA owed Potamkin for that work pursuant to Potamkin's established statutory reimbursement rates.

---

prior to their delivery to retail customers. After the effective date of the Release Agreements, HMA and GMA have paid Potamkin for PDI which was performed prior to the effective date.

28. HMA's refusal to reimburse Potamkin at Potamkin's established statutory rates for labor performed and parts sold pursuant to HCM is a violation of Section 320.696, Florida Statutes.

WHEREFORE, pursuant to section 320.697, Potamkin demands entry of a judgment against HMA for damages, treble damages, attorney's fees, interest, costs, and such other relief this Court deems just and equitable.

## COUNT II
### HMA's Breach of the Dealer Agreement

29. The allegations of paragraphs 1 through 21 are re-alleged as if fully set forth herein.

30. This Count is an action for damages for HMA's breaches of the Hyundai Dealer Agreement.

31. HMA incorporates a set of Standard Provisions into the Hyundai Dealer Agreement.

32. HMA has violated the Hyundai Dealer Agreement by failing to pay warranty rates as required by law.

33. HMA also failed to exercise its discretion under the Hyundai Dealer Agreement honestly or in good faith and has actively circumvented the rights these agreements granted to Potamkin and the parties' reasonable expectations thereto.

WHEREFORE, Potamkin demands entry of a judgment against HMA for damages, costs, and such other relief this Court deems just and equitable.

## COUNT III
### GMA's Violation of Section 320.696, Florida Statutes

34. The allegations of paragraphs 1 through 21 are re-alleged as if fully set forth herein.

35. This Count is an action for damages pursuant to Section 320.697, Florida Statutes, for GMA's violation of Section 320.696, Florida Statutes.

36. Section 320.696, Florida Statutes, requires that a licensee such has GMA must compensate a dealer for parts and labor included in work performed by a motor vehicle dealer in "to maintain or repair a licensee's product under a warranty or maintenance plan . . . issued by the licensee or its common entity . . . ." § 320.696(1), Fla. Stat.

37. GCM is a maintenance plan issued by GMA or its common entity.

38. Pursuant to Section 320.696(3) and (4), Florida Statutes, Potamkin established reimbursement rates with GMA for labor performed and for parts sold in connection with all covered work under Florida law.

39. Despite these established rates, GMA reimbursed Potamkin for labor performed and parts sold pursuant to GCM at rates substantially below what GMA owed Potamkin for that work pursuant to Potamkin's established statutory reimbursement rates.

40. GMA's refusal to reimburse Potamkin at Potamkin's established statutory rates for labor performed and parts sold pursuant to GCM is a violation of Section 320.696, Florida Statutes.

WHEREFORE, pursuant to section 320.697, Potamkin demands entry of a judgment against GMA for damages, treble damages, attorney's fees, interest, costs, and such other relief this Court deems just and equitable.

## COUNT IV
### GMA's Breach of the Dealer Agreement

41. The allegations of paragraphs 1 through 21 are re-alleged as if fully set forth herein.

42. This Count is an action for damages for GMA's breaches of the Hyundai Dealer Agreement.

43. GMA incorporates a set of Standard Provisions into the Hyundai Dealer Agreement.

44. GMA has violated the Genesis Dealer Agreement by failing to pay warranty rates

as required by law.

45.    GMA also failed to exercise its discretion under the Genesis Dealer Agreement honestly or in good faith and has actively circumvented the rights these agreements granted to Potamkin and the parties' reasonable expectations thereto.

WHEREFORE, Potamkin demands entry of a judgment against GMA for damages, costs, and such other relief this Court deems just and equitable.

### Jury Trial Demand

Plaintiff hereby demands trial by jury of all matters so triable.

Respectfully submitted this 11th day of April, 2025.

/s/ John W. Forehand
John W. Forehand (Fla. Bar No. 979813)
jforehand@kfb-law.com
R. Craig Spickard (Fla. Bar No. 721751)
cspickard@kfb-law.com
Michael J. Sanchez (Fla. Bar No. 1018168)
msanchez@kfb-law.com
KURKIN FOREHAND BRANDES LLP
1089 West Morse Boulevard, Suite D
Winter Park, FL 32789
Tel: (407) 602-0249

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by way of notice of electronic filing from the Court's CM/ECF System on April 11, 2025, on all counsel or parties of record.

/s/ John W. Forehand